IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LANDON EARL THOMAS, #108168**                                        **PLAINTIFF**

**V.**                                                                               **CIVIL NO. 5:24-cv-35-DCB-LGI**

**PIKE COUNTY**                                                              **DEFENDANT**

**OMNIBUS ORDER SETTING DEADLINES**

This cause is before the Court sua sponte for purposes of case management. The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on May 14, 2025. Plaintiff appeared pro se and attorneys Kevin White and William Boyd appeared on behalf of Defendant Pike County, Mississippi. Plaintiff is incarcerated[1] and he is proceeding *in forma pauperis*. His Complaint is subject to the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915 (e)(2).

The hearing was conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and it progeny. It functioned as a *Spears* hearing, and a scheduling, discovery, status, and pretrial conference under Fed. R. Civ. P. 16. At the hearing, the parties consented to have a Magistrate Judge conduct all further proceedings. After considering the issues involved, the Court finds as follows:

1.        <u>JURISDICTION AND SUMMARY OF CLAIMS</u>

Plaintiff brings this Complaint under 42 U.S.C. § 1983, against Defendant Pike

---

[1] Plaintiff testified that he is presently serving a ten-year sentence with the Mississippi Department of Corrections for possession of a firearm by a convicted felon.

County, alleging he was provided constitutionally inadequate medical care at the Pike County Jail. The allegations below are drawn from Plaintiff's sworn testimony at the omnibus hearing.[2] These claims and allegations are those remaining before the Court, and no further amendment to the pleadings will be allowed absent a showing of good cause.

Plaintiff testified that late on February 19, 2024, while housed at the Pike County Jail he injured his arm. The next day, Plaintiff informed staff of his injury and he received an x-ray revealing his arm was broken. Plaintiff complained that he was not provided any pain medication or any other medical care for his arm until February 29. Plaintiff testified that on February 29, he was taken to a local hospital where his arm was put in a cast and he was prescribed pain medication that he "couldn't receive." Plaintiff testified that around March 2, he started receiving ibuprofen (800 milligram) for his pain. Plaintiff also testified that he believes the delay in medical care is because of all the problems he has had with jail staff.[3] Plaintiff seeks monetary damages.

2. DISCOVERY ISSUES

At the hearing, counsel for Defendant Pike County provided Plaintiff with copies of his inmate file, his grievance records, and his medical records from the Pike County Jail. Plaintiff provided the Court with a copy of jail grievances he submitted while at the Pike County Jail. *See* ECF No. 30. If a trial is conducted in this case, defense counsel must

---

[2] *See Hurns v. Parker,* 165 F.3d 24, 24 (5th Cir. 1998) (finding pro se prisoner's claims "made in his original complaint and his brief in support of his § 1983 claim, were not realleged at his *Spears* hearing . . . [t]herefore, these claims were not properly before the district court") (citing *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (holding allegations made at a *Spears* hearing supersede the complaint)).

[3] Plaintiff testified that he was housed at the Pike County Jail from October 3, 2023, to October 4, 2024.

provide the Court with a certified copy of Plaintiff's relevant jail records for use as a general exhibit for all parties at trial. If necessary, the parties may conduct discovery, to be complete on or before **July 15, 2025.**

3. <u>TRIAL WITNESSES</u>

At the hearing, the parties exchanged copies of their Witness and Exhibit Lists and the lists were filed on the court docket, *see* ECF Nos. [25],[26],[27],[28]. As explained to Plaintiff at the hearing, if a trial is conducted, Plaintiff may name up to three inmate witnesses and provide full names and sufficient identifying information so they may be located. If they are still incarcerated at the time of any trial in this case, the Court may have them transported for the trial. Plaintiff may secure the voluntary appearance of any non-incarcerated witnesses at trial. Alternatively, upon the prepayment of witness fees, plus mileage costs, along with the complete address of where the witness may be found, Plaintiff may request that the Court issue a subpoena for a non-incarcerated witness. Any request for subpoenas should be received by the Court at least 30 days before trial. If the Court grants the subpoena request, the Court will direct that the United States Marshal's Service serve any such subpoena.

4. <u>MOTIONS DEADLINES</u>

The deadline for filing motions is **August 15, 2025**. Any responses to a motion must be filed within 14 days of the filing of the motion. A trial date will be set after a ruling issues on any dispositive motions or the motion deadline expires without the filing of any dispositive motions.

IT IS, THEREFORE, ORDERED:

1. The parties may conduct discovery, to be completed on or before **July 15, 2025.**

2. The parties may amend their witness lists 30 days prior to any trial setting.

3. All motions shall be filed on or before **August 15, 2025.**

4. Plaintiff is warned that his failure to advise this Court of a change of address or failure to comply with any Order of this Court will result in the dismissal of this case without further notice to the Plaintiff.

SO ORDERED, this the 16th day of May, 2025.

                                        s/ *LaKeysha Greer Isaac*
                                        UNITED STATES MAGISTRATE JUDGE