IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LANDON EARL THOMAS**                                                  **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO.: 5:24-cv-00035-DCB-LGI**

**PIKE COUNTY**                                                      **DEFENDANT**

## PIKE COUNTY'S MEMORANDUM OF AUTHORITIES
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant, Pike County, by and through counsel, respectfully submits this Memorandum of Authorities in Support of its Motion for Summary Judgment, as follows:

## INTRODUCTION

This suit arises out of Plaintiff's incarceration in the Pike County Jail ("PCJ"). *Compl.* [1]. Plaintiff alleges he was subjected to delayed medical care *Id. See also,* Exhibit "A", *Omnibus Transcript*, 19:1-14. Plaintiff's claims fail and must be dismissed.

## BACKGROUND FACTS

On October 3, 2023, Plaintiff was arrested and booked at the Pike County Jail. *See* Exhibit B, CLT-(THOMAS)-000001 – 000003. Plaintiff's Complaint alleges that he "broke [his] arm" at Pike County Jail on February 19, 2024, and that he received no treatment until February 29, 2024. *Compl.* [1] p. 4 ¶ III; *Omnibus Transcript*, 11:14-24; 13:6-24.

On April 1, 2024, Plaintiff filed suit against Pike County for alleged delay in treatment of his wrist. *See, Compl* [1]. His Complaint alleges violations of the 8th Amendment and asserts he was subjected to deliberate indifference in the treatment of

his medical needs. *Id.* Plaintiff demands damages related to pain and suffering, compensatory damages, and punitive damages. *Id.* at p. 4 ¶¶ III-IV.

Pike County answered Plaintiff's Complaint, and the Court held an Omnibus Hearing, at which time Plaintiff gave sworn testimony. Plaintiff testified his arm was hurt by another inmate on February 19, 2024. *Omnibus Transcript* 11:20-25-12:1-3. Plaintiff did not tell jail staff that his arm was feeling hurt until the next day, on February 20, 2024. *Omnibus Transcript*, 13:11-13. Plaintiff alleges that he was not taken for an x-ray until February 29, 2024. *Id.* 12:15-22. Plaintiff conceded when examined by Defendant's counsel at the Omnibus Hearing that his injury was to his wrist rather than to his arm. *Id.* 17:21-24. Plaintiff also conceded that no doctor has told him that he had any additional harm from the ten-day delay in treatment of his wrist. *Id.* 19:8-12.

## STANDARD OF REVIEW

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The United States Supreme Court has explained that the language of Fed. R. Civ. P. 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant "bears the initial responsibility of informing the district court of the basis for its motion

and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact...." *Harris v. Mississippi Valley State Univ.*, 899 F. Supp. 1561 (N.D. Miss. 1995) (citing *Celotex,* 477 U.S. at 324).

Once a properly supported Motion for Summary Judgment is presented, the nonmoving party must rebut it with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). The non-moving party cannot rely on mere denial of material facts or unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda; rather, the non-movant "must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg 7 Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).

## ARGUMENT

Plaintiff's Complaint fails to state a constitutional claim. Plaintiff complains of a delay in treatment of a wrist injury, but he concedes that no doctor has told him that he suffered any additional harm due to the delay in examining his wrist. *Omnibus Transcript* 19:8-12. Additionally, the analysis of Plaintiff's claim through the lens of *Monell* illustrates further flaws.  For these reasons, Plaintiff's lawsuit must be dismissed.

## I.    DELAYED MEDICAL CARE

Plaintiff asserts a claim for delayed medical care with regard to his wrist pain. See,

*Compl.* p. 4 ¶ III.[1] Plaintiff testified that he reported to jail staff that his arm hurt on February 20, 2024, the day after he got into a fight with another inmate. Plaintiff alleges that he was not taken for an x-ray until February 29, 2024. *Omnibus Transcript* 13:16-21.

Plaintiff was a pretrial detainee at all times referenced in his Complaint. *See* Exhibit B. As such, his claims should be viewed against the protections provided those in such situations, as opposed to convicted inmates. Whether an individual is detained prior to trial, or is confined to serve a sentence, the state is obligated to provide for basic human needs during the inmate's period of detention or confinement. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644 (5th Cir. 1996). However, the rights of pretrial detainees are measured by the due process requirements of the Fourteenth Amendment, while the rights of sentenced inmates are measured by the standards of the Eighth Amendment. *Ybarra-Fuentes v. City of Rosenberg*, Civil Action No. H-18-1824, 2018 WL 6019177 at * 2 (S.D. Tex. Nov. 16, 2018) (citing *Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 393 (5th Cir. 2000).

Thus, though the standards overlap in the sense that both the Fourteenth and Eighth Amendments protect an inmate's rights to medical care and protection, Plaintiff's claims as a pretrial detainee should be analyzed separately from those claims arising from treatment as a sentenced inmate. *See Baughman v. Hickman*, No. 17-20679, 2019 WL 3820065, at *2 (5th Cir. Aug. 15, 2019) (Noting that while "[t]he proper analysis of each

---

[1] Plaintiff's Complaint alleges that "on the [sic] 2-20-24 I was diagnosed with a broken arm and received no health care," *Complaint* p. 4 ¶ III, but at the Omnibus Hearing Plaintiff testified that it was a wrist injury, *Omnibus Transcript* 18:16-19, and that he saw a doctor for the wrist pain on February 29, *Omnibus Transcript* 13:16-21.

category of claims is the same, [because] 'Fourteenth Amendment case law concerning pretrial detainees [is based on] the Supreme Court's Eight Amendment precedent concerning prisoners[,]" the court would analyze pretrial detainee's claims according to case law involving pretrial detainees.). As such, in this Circuit, the constitutional rights of a pretrial detainee are found in the procedural and substantive due process guarantees of the Fourteenth Amendment.

This is not a case where Pike County Jail refused to give medical treatment to Plaintiff. Instead, Plaintiff's sole claim arising under 42 U.S.C. § 1983 concerns allegedly delayed medical care. *See Complaint,* p. 4; *see also Omnibus Transcript,* 17:6-7. A detainee can demonstrate a claim for inadequate medical care by establishing that jail staff acted with deliberate indifference to his "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). An officer acts with deliberate indifference when he knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See *Farmer v. Brenan*, 511 U.S. 835, 837 (1994). To establish liability based on a delay in medical treatment, a plaintiff must show deliberate indifference to serious medical needs that resulted in substantial harm. *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006).

Deliberate indifference in a delay of treatment case requires greater proof of harm than Plaintiff has in this case. The Fifth Circuit has explained that neither unsuccessful medical treatment nor acts of negligence or medical malpractice constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent

5

exceptional circumstances. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993)) (emphasis added). Simply put, the Plaintiff must demonstrate that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

In this case, Plaintiff's claim for delayed medical care is based on a ten-day delay in examination of wrist pain after a fight with another inmate. *See,* Exhibit A. Plaintiff reported his wrist pain to jail staff the day after the fight, and Plaintiff disagreed with their assessment his wrist pain did not require immediate examination. *Omnibus Transcript*, 17:1-4. Plaintiff testified that he told staff that his arm hurt on February 20, 2024, but was not taken for an examination until February 29, 2024. *Id.* 13:6-21.

Although Plaintiff disagreed with jail staff's assessment of when he needed treatment for his sore wrist, Plaintiff cannot show that Pike County refused or intentionally provided incorrect treatment, ignored his complaints, or acted in any way evidencing a wanton disregard for a serious medical need. Even more importantly, Plaintiff testified that he has no evidence of any additional harm suffered due to the allegedly delayed care. *Omnibus Transcript*, 19:8-12..

Significantly, in cases where the complaint is one for a delay in medical care rather than a complete deprivation, an inmate must demonstrate that he suffered "substantial harm" as a result of the delay. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). In fact, "delay in medical care can only constitute an Eighth Amendment violation if there has

been deliberate indifference, which results in substantial harm." *Id*. at 193. Expert testimony substantiating that the harm resulted from the conduct alleged is almost always required. *See Campbell v. McMillin*, 83 F.Supp.2d 761, 766 (S.D. Miss. 2000) (holding that in all but "simple and routine" cases it is necessary to establish medical causation by expert testimony). Plaintiff admits he has no expert testimony in this case. *Omnibus Transcript*, 19:8-12. Therefore, Plaintiff is unable to make a case for substantial harm resulting from any delay in examination of his wrist pain. This failure is fatal to his claim and the same should be dismissed.

## II.    *Monell*

Plaintiff's case also fails under *Monell* because, in addition to failing to state a claim based upon delayed treatment, Plaintiff's lawsuit fails to allege that an official Pike County policy, practice, or custom was the moving force for his alleged constitutional violation, and therefore, Plaintiff's suit must be dismissed.

A local governmental entity can only be held liable under § 1983 for violating a citizen's constitutional rights if "the governmental body itself 'subjects' [that] person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Governmental entities are "responsible only for [their] own illegal acts" and are "not vicariously liable under § 1983 for their employees' actions." *Id*. Thus, there is no *respondeat superior* liability under § 1983; rather, the key to municipal liability is demonstrating that the deprivation of a constitutional right was inflicted pursuant to an official policy or custom of the municipality in question. *Monell*, 436 U.S. 658, 694 (1978). Simply put, the unconstitutional conduct asserted "must be

directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)

To establish liability against the County, Plaintiff must demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Rivera v. Houston Independent School Dist.*, 349 F.3d at 244, 247 (5th Cir. 2003). "Proof of an official policy or custom can be shown in several ways, including: (1) formally adopted policies; (2) informal customs or practices; (3) a custom or policy of inadequate training, supervision, discipline, screening, or hiring; or (4) a single act by an official with final policymaking authority." *Thomas v. Prevou*, No. 1:05-cv-707-KS-MTP, 2008 WL 111293, *3 (S.D. Miss. 2008) (citing *Monell*, 436 U.S. at 694; *and Snow v. City of El Paso, Texas*, 501 F. Supp. 2d 826, 831 (W.D. Tex. 2006)).

Plaintiff must also demonstrate a link between the policy and the constitutional violation, and the policy must be maintained with "objective deliberate indifference" to a constitutionally protected right. *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002). A municipality acts with objective deliberate indifference if it promulgates a policy or custom despite the "'known or obvious consequences' that constitutional violations would result." *Piotrowski*, 237 F.3d at 567. Deliberate indifference of this sort is a stringent test, and "a showing of simple or even heightened negligence will not suffice" to prove municipal culpability. *Id*. at 579.

Here, Plaintiff wholly fails to allege that a Pike County policy, practice, or custom was the moving force behind any alleged violation of his civil rights. Plaintiff must show

"a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (quoting *Piotrowski*, 237 F.3d at 579). *Hall v. United States*, No. 1:17-CV-42-JCG, 2019 WL 5213931, at *4–5 (S.D. Miss. Oct. 16, 2019). However, Plaintiff has not made any such allegation, and as such has not met his burden.

For the reasons addressed above, the Plaintiff cannot show that the delay in medical evaluation of his wrist pain constituted a constitutional violation. Likewise, even if the Plaintiff could show a constitutional violation, he has failed to assert that a policy, practice, or custom was the moving force behind any alleged constitutional violation, meaning his lawsuit fails under *Monell* as well. Thus, this suit is ripe for dismissal.

## CONCLUSION

For the herein-cited reasons and pursuant to the applicable authority, Plaintiff cannot meet the bar that is necessary to survive this Motion. He cannot allege a constitutional violation for delay of treatment and has stated no policy, practice, or custom that would survive analysis under *Monell*. For these reasons, this case must be dismissed with prejudice.

**DATE:**        **August 15, 2025.**

Respectfully submitted,

**PIKE COUNTY**

By:    */s/Kevin J. White*
                 One of Its Attorneys

WILLIAM R. ALLEN (MSB #100541)
KEVIN J. WHITE (MSB #101619)
WILLIAM D. BOYD (MSB #106220)
Butler Snow, LLP
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39
Tel: 601-948-5711
Fax: 601-985-4500
will.allen@butlersnow.com
kevin.j.white@butlersnow.com
will.boyd@butlersnow.com

## CERTIFICATE OF SERVICE

I, the undersigned, of Butler Snow, LLP, one of the attorneys for Defendant, Pike County, hereby certify that on this day, I electronically filed the foregoing Memorandum of Authorities Supporting Motion for Summary Judgment with the Clerk of the Court using the ECF system, and that I have provided notice of the same via first-class mail to the following:

> Landon Earl Thomas, 108168
> South MS Correctional Facility
> P.O. Box 1419
> Leakesville, MS 39451

This the 15th day of August, 2025.

/s/ Kevin J. White
OF COUNSEL

97008536.v1

10