IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LANDON EARL THOMAS, #108168                                                    PLAINTIFF

V.                                                  CIVIL ACTION NO. 5:24-cv-35-DCB-LGI

PIKE COUNTY                                                    DEFENDANT

<u>ORDER</u>

BEFORE THE COURT is Plaintiff's Motion for Appointment of Counsel [34]. Plaintiff is an inmate of the South Mississippi Correctional Institution in Leakesville, Mississippi, and he brings this pro se conditions-of-confinement Complaint under 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis*. *See* Order [8]. On May 14, 2025, the Court conducted a screening hearing and set a discovery deadline of July 15, 2025, and a motion deadline of August 15, 2025. *See* Omnibus Order Setting Deadlines [31]. On August 14, 2025, Plaintiff filed a Motion for Appointment of Counsel [34]. For the reasons below, Plaintiff's Motion for Appointment of Counsel is denied.

"[A] § 1983 plaintiff, even if demonstrably indigent, is not entitled to appointed counsel as a matter of right." *Thompson v. Texas Dep't of Crim. Just.*, 67 F.4th 275, 283 (5th Cir. 2023) (quoting *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015)). Although this Court has discretion in determining whether to appoint counsel, an indigent plaintiff must show the presence of "exceptional circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982). In determining whether exceptional circumstances exist, a district court should consider several factors including:

> 1. the type and complexity of the case; 2. the petitioner's ability to present and investigate his case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation and in cross-examination; and 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

*Naranjo*, 809 F.3d at 799 (citing *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992)).

Plaintiff claims he received delayed medical care for an injury to his wrist while detained at the Pike County Jail. Plaintiff's claims about his confinement are not particularly novel or complex. Pro se

prisoners routinely assert such claims under § 1983 in this Court. *See Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) ("The section 1983 action that Jackson has filed involves issues that have been briefed and analyzed in numerous cases."). Next, Plaintiff's filings—as well as the Court's first-hand observations of Plaintiff at the screening hearing—indicate that Plaintiff is capable of adequately presenting his case without the assistance of counsel. *See Perry v. Currie*, 829 F. App'x 31, 33 (5th Cir. 2020) ("Perry's claims are not particularly complex, and, given his filings, he has demonstrated that he is capable of competently proceeding through the court system without the assistance of counsel."). Third, the Court does not find that "the evidence will consist in large part of conflicting testimony for which [Plaintiff] would require assistance of counsel." *Jackson*, 811 F.2d at 262. Finally, the Court finds that a just determination can be reached with Plaintiff proceeding pro se.

After consideration of Plaintiff's motion and the applicable factors, the Court finds that Plaintiff has not shown the presence of "exceptional circumstances" warranting the appointment of counsel at this time. *See, e.g.*, *Esquivel v. Kendrick*, No. 22-50979, 2023 WL 5584168, at *1 (5th Cir. Aug. 29, 2023) (affirming denial of appointment of counsel).

**IT IS THEREFORE ORDERED AND ADJUDGED**, that Plaintiff's Motion for Appointment of Counsel [34] is **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 9th day of October, 2025.

                                              s/ *LaKeysha Greer Isaac*
                                              UNITED STATES MAGISTRATE JUDGE