+

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**LANDON EARL THOMAS, #108168**                                             **PLAINTIFF**

v.                                                        **CIVIL NO. 5:24-cv-35-DCB-LGI**

**PIKE COUNTY**                                                                    **DEFENDANT**

## REPORT AND RECOMMENDATION

This case is before the undersigned on Defendant Pike County's Motion for Summary Judgment [36]. For the reasons below, the undersigned recommends that Defendant's Motion be granted.

## I. BACKGROUND

Pro se Plaintiff Landon Earl Thomas ("Plaintiff") is presently an inmate of the Mississippi Department of Corrections. Plaintiff is proceeding *in forma pauperis*, subject to the Prison Litigation Reform Act, and he brings this suit under 42 U.S.C. § 1983. *See* Compl. [1]; Order [8]. Plaintiff's claims arise from his prior confinement at the Pike County Jail in Magnolia, Mississippi.

On May 14, 2025, the undersigned conducted an Omnibus Hearing under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny. At the hearing, Defendant provided Plaintiff with a copy of his inmate file, his grievance records, and his medical records from the Pike County Jail. The undersigned permitted the parties to conduct additional discovery and directed that

it be completed by July 15, 2025.  *See* Order [31] at 2–3.  On August 15, 2025, Defendant Pike County moved for summary judgment.  Plaintiff has not responded.

A. <u>Plaintiff's allegations</u>

Plaintiff was confined at the Pike County Jail from October 3, 2023, to October 4, 2024.  Plaintiff testified that on the night of February 19, 2024, he was in an altercation with a fellow inmate and injured his arm.  Plaintiff testified that on February 20, he informed "a psych doctor" of his injury and received an x-ray of his arm.  Tr. [32] at 18:3–13.  Plaintiff testified that on February 29, he was taken to a local hospital where a cast was put on his arm, and he was prescribed "Ibuprofen 800s" as pain medication.  *Id*. at 14:3–15.  Plaintiff testified that he believes he began receiving the ibuprofen around March 2.  *Id*. at 14:13–23.

Plaintiff testified that he should have seen a doctor immediately because a broken arm is a serious medical need.  *Id*. at 15:21–23.  In his testimony, Plaintiff also alluded to problems with staff as the reason he wasn't taken to the hospital sooner but failed to elaborate on this reasoning or provide any factual support.  *Id*. at 15:9–16.  Plaintiff claims the 9-day wait for treatment and the delay in receiving pain medication violated his constitutional rights.

B. <u>Defendant's Motion for Summary Judgment</u>

Defendant Pike County asserts that it is entitled to summary judgment for two reasons.  First, Defendant argues that Plaintiff fails to show that Pike County acted with deliberate indifference to his serious medical needs.  Defendant points out that Plaintiff does not claim any harm resulting from the delay between

2

receiving an x-ray and being taken to the hospital. Defendant next argues that Plaintiff fails to establish municipal liability because he fails to assert that a policy, practice, or custom was the moving force behind any alleged constitutional violation. As exhibits, Defendant submits the Omnibus Hearing Transcript [36-1] and Plaintiff's Pike County Jail Booking Sheet [36-2].

Plaintiff has not responded to Defendant's Motion [36] and the time for doing so has expired.

## II. ANALYSIS

A. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (citation omitted). The Court construes "all facts and inferences" in the light most favorable to the non-moving party, *see Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010), "but conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion[ ] and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When the moving party has

carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  Instead, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex Corp.*, 477 U.S. at 325).

These same summary-judgment rules apply to pro se parties.  While the Court will liberally construe pro se arguments, a pro se non-movant must offer evidence showing a genuine issue of material fact to defeat a motion for summary judgment.  *Baughman v. Seale*, 761 F. App'x 371, 378 (5th Cir. 2019).

B.  <u>Deliberate Indifference Standard</u>

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Crim. Just., Institutional Div.*, 91 F. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  To establish deliberate indifference "(1) the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) he must also draw the inference." *Williams v. Hampton*, 797 F.3d 276, 281 (5th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Deliberate indifference is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quotation omitted). A plaintiff must provide evidence showing prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Guillot v. Russell*, 59 F.4th 743, 755–56 (5th Cir. 2023) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "Mere disagreement with medical judgments or treatment" is insufficient to meet the deliberate indifference standard. *Davis v. Lumpkin*, 35 F.4th 958, 963 (5th Cir. 2022) (citation omitted). Likewise, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice" fail to meet the deliberate indifference standard. *Id.* (citing *Gobert*, 463 F.3d at 346).

C. Discussion

Defendant maintains that Plaintiff's allegations do not establish municipal liability or amount to deliberate indifference as required to obtain relief under § 1983. The undersigned agrees.

1. Plaintiff fails to state a claim for municipal liability

A municipality may be held liable under § 1983 when its official policy or customs violate the Constitution. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). But "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Thus, to establish a § 1983 claim against Pike County, Plaintiff must prove (1) the existence of a policymaker, and (2) an official policy or custom (3) which is the moving force behind a

constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *see, e.g.*, *Cadena v. El Paso Cnty.*, 946 F.3d 717, 727–29 (5th Cir. 2020) (citation omitted) (finding pretrial detainee failed to establish municipal liability under episodic-act theory regarding medical care).

Plaintiff points to no official policy or custom in this case, nor does he explain how any such policy or custom caused the alleged constitutional violation. Plaintiff fails to raise a genuine issue of material fact for *Monell* liability, and Pike County is entitled to judgment as a matter of law. *See, e.g.*, *Willard v. Hearn*, No. 1:19-CV-908-RPM, 2022 WL 4180943, at *4 (S.D. Miss. Aug. 25, 2022) (granting summary judgment to Harrison County because plaintiff identified no policy, practice, or custom that resulted in a violation of his constitutional rights).

2. <u>Plaintiff fails to meet the deliberate indifference standard</u>

Plaintiff testified that on February 20, he received an x-ray of his arm but had to wait until February 29 before he was treated for his injury. Plaintiff testified that on February 29, he was taken to a local hospital where a cast was put on his arm, and he was prescribed pain medication. Plaintiff claims the wait for treatment and pain medication violated his constitutional rights.

Plaintiff's claims arise under the Fourteenth Amendment because he was a pretrial detainee during his detention at the Pike County Jail, however the "standard is the same as that for a [convicted] prisoner under the Eighth Amendment." *Cadena,* 946 F.3d at 727 (citation omitted).[1] "Delay in medical care

---

[1] "A pretrial detainee may prove a constitutional violation either by demonstrating an unconstitutional condition of confinement or by demonstrating an unconstitutional episodic act or

can only constitute an Eighth Amendment violation if there has been deliberate indifference that *results in substantial harm*." *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (emphasis in original, internal brackets omitted)(quoting *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993)).

Plaintiff does not claim that he suffered any harm from the delay in receiving treatment for his injured arm. When directly asked if any doctor told Plaintiff that he "suffered any harm, additional harm, different harm due to the delay between the x-ray and this treatment [ ] ten days later," Plaintiff responded, "No." Tr. [32] at 19:8–12. Plaintiff presented no evidence that the delay in his treatment exacerbated his injury or delayed the healing of his arm. Likewise, Plaintiff provides no response to Defendant's Motion for Summary Judgment.

While Plaintiff's medical care may not have been "'the best money could buy,' the County was responsive to [Plaintiff's] medical needs." *Cadena*, 946 F.3d at 729 (quoting *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992)). Plaintiff received an x-ray the day he reported his injury and was taken to the hospital 9-days later. Plaintiff may not agree with the wait time between his x-ray and his hospital visit but "[m]ere disagreement with medical judgments or treatment" is insufficient to meet the deliberate indifference standard. *Davis*, 35 F.4th at 963 (citation omitted). The undersigned finds that Plaintiff offers no evidence showing deliberate indifference to a serious medical need as required for a claim of constitutionally-inadequate medical care. *See, e.g.*, *Wingfield v. Adekoya*, No. 24-40663, 2025 WL

---

omission." *Cadena*, 946 F.3d at 727. Here, Plaintiff is seeking relief under an episodic act or omission theory.

2268353, at *1 (5th Cir. Aug. 8, 2025) (affirming dismissal of inmate's §1983 claim for delayed medical care, finding inmate "failed to present summary-judgment evidence that: [defendant] caused the injuries of which he complained; the delay in receiving medical care (purportedly caused by [defendant]) exacerbated those injuries or delayed their healing; or [defendant] was subjectively aware of a risk of serious harm" to the inmate-plaintiff).

In summary, Plaintiff's allegations fail to meet the "extremely high" deliberate indifference standard required to obtain relief under § 1983.  *Gobert*, 463 F.3d at 346.  Plaintiff also fails to raise a genuine issue of material fact for *Monell* liability.   Defendant Pike County is entitled to summary judgment.

### III.  RECOMMENDATION

For these reasons, the undersigned recommends that Defendant Pike County's Motion for Summary Judgment [36] be GRANTED.

### IV.  NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error.  *See* 28 U.S.C. § 636; Fed. R.

Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Respectfully submitted, this, the 30th day of December, 2025.

s/ *LaKeysha Greer Isaac*
UNITED STATES MAGISTRATE JUDGE