In the United States District Court
For The Southern District of Mississippi
Western Division

Landon Earl Thomas #108168   - Plaintiff

V.

Civil No. 5:24-cv-35-DCB-LGI

Pike County, Ms   - Defendant

Objection to Report and Recommendation
~~for defendants Summary Judgement~~

This case is before the undersigned on Defendant Pike County's motion for Summary Judgment. This motion is to objection to Pike County's Motion for a Summary judgement.

1. Background

Pro se Plaintiff Landon Earl Thomas ("Plaintiff") is presently an inmate of Mississippi Department of Corrections. Plaintiff is proceeding in forma pauperis, subject to the litigation Reform Act, and brings this suit under 42 U.S.C. § 1983. Plaintiff's claims arise from his prior confinement

Pg. 1 of 17

at the Pike County Jail in Magnolia, Mississippi. On May 14, 2025, the undersigned conducted an omnibus Hearing under the Authority of Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progency. At the Hearing, Defendants Did not provide the Plaintiff with ~~scratched out~~ a full copy of his inmate file, neither did they provide a full record of his grievance ~~scratched out~~ records, nor did they provide the Plaintiff with his full medical records file from Pike County Jail. Leaving out Discovery that is Key to Challenging their motion for a Summary Judgement and to the Plaintiff's Case. The Judge permitted both parties to conduct additional discovery that was to be completed by July 15, 2025. The Plaintiff was denied motion to Appoint Counsel in which getting discovery and the other elements of his case is nere impossible. On August 15, 2025, Defendants moved for a Summary Judgement. Plaintiff was never issued a notice to respond to Defendants motion.

Pg 2 of 17

Nor did the plaintiff ever receive a notice on the failure to respond to the Summary Judgement would result in a dismissal or Judgement for the defendants. Plaintiff has ~~failed~~ followed every order of the Court. has responded to every notice from the Courts. Plaintiff did not know that he was to respond to the motion for a Summary Judgement. Especially since he is proceeding Pro Se, and in forma pauperis.

## A. Plaintiff's Allegations

Plaintiff was confined at the Pike County Jail from Oct 3 to Oct 4, 2024. Plaintiff testified that on the night of February 19, 2024, he was in an altercation with a fellow inmate and injured his arm. Plaintiff testified that he told guards that night and the following morning that his arm hurt bad. Plaintiff Also testified that he had to wait to see the nurse and informed her of his problem and was told, that he already had

an appointment that he was given february 20, 2024 to get his psych meds by the nurse. On febuary 20, he informed the the nurse at the fuje Clinic of his injury and she reffered him to get an X-ray of his arm, where the X-ray nurse Confirmed it was broken. And was returned right back to pike County Jail. with no medical attention or pain medicines for his broken arm. Plaintiff testified that on february 29, he was taken to a local hospital where a cast was put on his arm, and prescribed "Ibuprofen 800"mg as pain medication. Plaintiff testified to receiving the ibuprofen around March 2, 2024.

Plaintiff testified that he should have seen a doctor and been treated for his medical Emergency Because a Broken arm is a serious Medical need. In his testimony plaintiff said the problems with the staff, the fact that he has Suits pending among most of the administrative staff was the reason he was made to suffer. The Plaintiff also stated about the Altercation with the

Pg 4 of 17

Warden (Herbert Young) and did not get into the details of that reasoning because he was not asked for the details to provide factual support. Plaintiff claims the 9-day wait for treatment constituted deliberate Indifference and violated his constitutional rights. Plaintiff did not say the delay in receiving medication violated his constitutional rights. The actions of Pike County Jail violated his constitutional rights.

## B. Defendant's Motion for Summary Judgement

Defendants Pike County felt entitled on the Summary Judgement for 2 reasons. 1. Defendants argues that plaintiff fails to show that Pike County acted with deliberate Indifference to his serious medical needs. Defendants point out that Plaintiff does not claim any harm resulting from a delay between receiving an X-ray and being taken to the hospital. Defendant next argues that plaintiff fails to establish municipal

liability because he fails to assert that a policy, practice, or custom was the moving force behind any alleged constitutional violation.

Also that the plaintiff has not responded to defendants motion for a summary Judgement and the time so has expired. Although the defendant was not ordered or given notice that he was supposed to respond to the summary Judgement motion. Nor had the plaintiff received any notice that By not doing so would result in Defendants Summary Judgement be granted. And that the Court should consider that the Plaintiff is Pro Se. Has motioned for appointment of Counsel and explained the need for investigation and not knowing the Court procedures and was denied.

## II. Analysis

### A. Summary Judgement Standard.

Summary Judgement is appropriate "If the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to Judgement as a matter of law." Fed. R. Civ. P. 56(a). "A dispute to fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non moving party."

The same summary Judgement rules apply to pro se parties. While the Court will liberally construe pro se arguments, a pro se non-movant must offer evidence showing a genuine issue of material fact to defeat a motion for a Summary Judgement.

## B. Deliberate Indifference Standard

A) Serious medical need "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctors attention." Hill v. DeKalb Reg'l Youth Det Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)

In considering a serious medical need, the Court will look at several factors, including:

1) Whether a reasonable doctor or patient would consider the need worthy of comment or treatment

2) Whether the condition significally affects daily activities; and

3) Whether you have chronic or serious pain, Brock v. Wright, 315 F. 3d 158 (2d Cir. 2003)

B) To prove deliberate indifference, you must show that 1) prison officials knew about your serious medical need. 2) the prison officials failed to respond reasonably to it. Estelle, 429 U.S at 104; Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997) Although Courts will not find deliberate indifference just because a prison "should have known" that you had a serious medical need, courts will assume that prison officials knew about your condition if it was very obvious. Farmer v. Brennan, 511 U.S. 825, 842 (1995)

To Suceed in an Eight Amendment Challenge to the medical care in your prison, you must show 3 things. A) You had a serious medical need. B) Prison officials showed "deliberate indifference" to your serious medical need and; C) This deliberate indifference caused your injury

Estelle v. Gamble, 429 U.S. 97 (1976)

C. Causation finally you must show that you suffered some harm or injury as a result of the prison officials deliberate indifference.

In which the ~~defendant~~ plaintiff can show the court. As provided in Exhibits listed below:

Exhibits as proof of a serious Medical need:
DEFHY 0078-0083 - these Exhibits show that the medical needs I had was An Serious Medical Emergency

Deliberate Indifference - Estelle, 429 U.S. at 104

Exhibits - CLT(Thomas) - 000044 - shows that they knew about my serious medical need
Exhibit / purple request form - shows they did not respond to medical needs
DEFHY 0134 - shows they failed to respond reasonably

Causation. I must show that I suffered some harm or injury as a result of the prisons deliberate Indifference

I have my full medical chart from Feb 20, 2024 - Oct 2024 that shows all the medicines I had been prescribed. Exhibits DEFHY 0086 - 0094

Note - I received Ibuprofen 800 mgs in March and my last dose was at 3/31/24
following Another doctors appointment I complained of shooting pains running down my arm

Pg 9 of 17

like Electricity. I told the doctor this and he prescribed me Gabapentin 100mg 3x a day. And In which the Defendants had access to All of my ~~Me~~ Jail records and medical records But chose to exclude this from my ~~Me~~ medical records. Also upon further review, I have asked several Doctors here at S.M.C.I. If the "shooting pains" could have been nerve damage from not having a brace or splint, and If that ~~10~~ 9-day delay in which I had no brace or splint to steady my arm caused the nerve damage that ~~I~~ suffer from still today. ~~If~~ If the Court will also know that I made efforts to refill my Gabapentin but never got to go back to the doctor. I received Gabapentin 100mg 3x a day for 3 months. that should show that an actual Injury or harm did happen as a result of the deliberate Indifference from Pike County. Also the Names of the Doctors I consulted are Dr Casey Stanford, Nurse Ricks, ~~And~~ Dr. Alexander that confirmed the nerve damage I suffered

Pg 10 of 17

was from not getting to proper Care, and the delay in treatment. They also said that no medical Phsycian would ever tell you that its okay not to go to the emergency room after you have any type of fractured or broken bone. Had I had the opportunity to have the Court Hear from an expert or Doctor on the matter.

—"Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate Indifference that results in Substantial harm" Easter V. Powell, 467 F.3d 459, 464 (5th Cir. 2006)

By substantial harm - meaning Real harm

When asked directly if any doctor told plaintiff that "he suffered any harm, additional harm, different harm due to the delay between the X-ray and his treatment ten days later plaintiff responded "No." At the time No doctor had told me that the Gabapentin was for nerve damage. Neither is the plaintiff a doctor, as well. likewise plaintiff was never issued or received an order to answer the Defendants Motion for Summary Judgement, nor a notice to do so will result in the Courts granting the defendants Motion for a Summary Judgement. Also the defendants

Pg 11 of 17

Waited 10 day before sending me to a doctor for a broken arm, and the defendants prove only that they provided adequate medical care after I got to the doctor. The fact does not provide a defense for the original 10 day delay, So the Plaintiff would be justified in asking for Judgement as a matter of law against Defendants on the issue of delayed care. And that the Defendants evidence does not establish a defense.

~~C. Plaintiff's Claim for Municipal Liability~~

H.C. by Hewett V Jarrard, 786 F.2d 1080, 1083, 1087 (11th Cir. 1986) damages awarded for three day denial of care with no permenant injury resulting.

Some Courts have said that a showing of "substantial harm is necessary for delay in treatment to be considered serious, but pain and suffering resulting from the delay can satisfy the requirement.

Petrichko v. Kurtz, 117 F. Supp. 2d 467, 473 (E.D. Pa 2000) denial of acess to a phsycian for two weeks could consitute deliberate indifference

C. Plaintiff's Claim for Municipal liability

Pg 12 of 17

Municipalities may be liable for constitutional violations caused by "a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." Municipalities may also be liable for the lack of adequate policies if their absence amounts to deliberate indifference. Policies need not be formal to support Municipal liability. Cities and Counties may be liable for constitutional violations caused by a "Custom or Usage" that is "so permanent and well settled" as to have "the force of law." A practice may constitute such a custom or usage if it is "persistent and widespread," "long-standing", or "deeply embedded." An informal custom or usage can be proven either by a large number of instances or by other evidence that it is routine practice. Many courts have held that municipalities can be held liable for customs even if their policy makers do not have actual knowledge of them. A custom or usage can constitute municipal policy even if it is contrary to written policy or law. Baron v. Suffolk County Sheriff's Dept, 402. F.3d 225, 236-237 (1st Cir. 2005) (Municipality is liable if custom is "so well settled and widespread that the policymaking officials of the Municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice." Anela v. City of Wildwood, 790 F.2d 1063, 1069 (3d Cir. 1986) (long standing jail conditions constituted a municipal custom or usage.

Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001) (Actual or constructive knowledge of (a) custom must be attribute to the governing body of the municipality or to an official to whom that body has delegated policy-making authority"

Postal Workers Union v. City of Memphis, 361 F.3d 898, 902 (6th Cir. 2004) ("A municipal 'custom' may be established by proof of the knowledge of policymaking officials and their acquiescence in the established practice.")

Redman v. County of San Diego, 942 F.2d 1435, 1445 (9th Cir. 1991) (en banc) (routine failure to follow written policy can be a "custom" supporting municipal liability)

Garcia v. Salt Lake County, 768 F.2d 303 (10th Cir. 1985) County liable where jail personnel established unconstitutional jail customs contrary to written policy)

Nelson v. Prison Health Services, Inc., 991 F. Supp. 1452, 1465 (M.D. Fla. 1997) (Court monitor's reports finding "pervasive and deep seated failures" including staff's "unwillingness to respond to inmates' requests for treatment" could support liability of County as well as medical provider

For a municipality to be held liable, a policy must have been made by a municipal "policymaker," someone who has the authority under state law (which may include "custom or usage") to make final policy for the city or county concerning the subject of litigation.

Pg 14 of 17

Lower-level staff may be municipal policymakers in a particular area if they exercise final authority without supervision or review. Single acts or decisions may constitute municipal policy if they are made by policy makers. The same is true of failures to act that amount to deliberate indifference. Applying these ~~policies~~ principles, a number of courts have found that the failure to provide adequate facilities or funds to operate jails in a constitutional manner was a municipal policy or custom for which damages could be recovered against the City or Government.

## ~~Conclusion~~ Summary of Argument

The plaintiff's declaration squarely contradicted the factual allegations of the defendants, and the facts it alleged would have supported a judgment for the plaintiff under the eighth Amendment. Summary Judgement was therefore improper on the record before the district Court.

## Standard of Review

Whether a party is entitled to summary judgement is a question of law over which this court exercises plenary review. Noonan v. Staples, Inc, 539 F.3d 1, 5 (1st Cir. 2008)

Pg 15 of ~~18~~ 17

# Statement of Issues Presented for Review

1. Whether the district court in granting summary judgement improperly decided factual issues.
2. Whether plaintiff's factual allegations of Inadequate medical care and deliberate Indifference raised a material issue under the 8th Amendment.

## Argument        Point 1

The District Court should not Have granted Summary Judgement Based on Its Resolution of Disputed facts

Summary Judgement is to be granted only if the record before the Court shows "That there is no genuine issues as to any material facts and that the moving party is entitled to a judgment as matter of law" Rule 56(c), Fed. R. Civ. P.

The plaintiff's declaration squarely contradicts the defendants story that they provided ~~constitutional~~ Medical Care and there was no Constitutional Violations on their part. The district Court may not make credibility determinations or otherwise resolve disputed factual issues on a motion for summary judgment. Jenkins v. Winter, 540 F.3d 742, 750 (8th Cir. 2008); Washington v. Haupert, 481 F.3d 543, 550 (7th Cir. 2007)

## Point II
### The Plaintiff's Factual Allegations Raise A Material Issue under the eight Amendment

A "material" fact is one that might affect the outcome of the suit under the governing law." The disputed facts alleged by plaintiff are material. His declaration portrays inadequate medical care as well as deliberate Indifference in which is an extremely high Standard to prove. The Plaintiff in this Object has proven deliberate Indifference as well as inadquate medical care existed.

### Conclusion

For the foregoing reasons, the grant of Summary Judgement should be reversed and the case should be remanded to the district court for trial.

Submitted Respectively,

1-27-26
Landon Thomas #108168
S.M.C.I
P.O. Box 1419
Leakesville, Ms 39451