IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LANDON EARL THOMAS

V. CIVIL ACTION NO. 5:24-CV-35-DCB-LGI

PIKE COUNTY

ORDER ADOPTING REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Magistrate Judge LaKeysha Isaac's Report and Recommendation ("Report") [ECF No. 42], concerning Defendant Pike County's Motion for Summary Judgment [ECF No. 36]. The Report was entered on December 30, 2025, and objections to the Report were due by January 13, 2026. Plaintiff Landon Earl Thomas ("Plaintiff") filed his Objection [ECF No. 44] to the Report [ECF No. 42] on January 28, 2026. In the interest of fairness and thoroughness, the Court will consider the arguments raised in the pro se Plaintiff's Objection to the Report, even though it was filed after the deadline.

Upon examination of the Plaintiff's Objections [ECF No. 44] to Judge Isaac's Report [ECF No. 42], in conjunction with a comprehensive review of the record and relevant legal authorities, the Court finds that Plaintiff's Objections [ECF No. 44] should be overruled, that the Magistrate Judge's Report [ECF No. 42] should be adopted and that Defendant's Motion for Summary Judgment should be granted.

I. Background

Plaintiff initiated this action on April 1, 2024, alleging that Pike County Jail violated his constitutional right to adequate medical care during his incarceration. [ECF No. 1]. Specifically, Plaintiff claims that after breaking his arm, he waited nine days to see a doctor and did not receive ibuprofen for his injury until March 2, 2024. Id. at 4. As relief, Plaintiff seeks $150,000 in compensatory damages and $50,000 in punitive damages. Id.

On August 15, 2025, Defendant moved for summary judgment, arguing that Plaintiff's claims should be dismissed because: (1) Plaintiff cannot establish that any delay in medical treatment rose to the level of a constitutional violation; and (2) Plaintiff has not alleged any policy, practice, or custom that served as the moving force behind the purported violation. [ECF No. 36]. Plaintiff did not file a response to the summary judgment motion.

Judge Isaac issued her Report on December 30, 2025, recommending that Defendant's Motion for Summary Judgment be granted. [ECF No. 42]. The Report concludes that (1) Plaintiff fails to raise a genuine issue of material fact for Monell liability and (2) Plaintiff's allegations do not satisfy the 'extremely high' deliberate indifference standard required for relief under § 1983. Id. at 8.

Plaintiff subsequently filed an untimely objection on January 28, 2026. [ECF No. 44]. In his objection, Plaintiff contends that

the nine-day delay between his February 20, 2024 x-ray and his follow-up appointment, at which he received a cast, constituted deliberate indifference and resulted in substantial harm. Id. at 10. He further asserts that multiple doctors informed him that no physician would advise against immediate emergency treatment for a broken bone. Id. at 11. Plaintiff alleges that the delay caused 'shooting pains,' which he suspects could be nerve damage. Id. at 10. He also claims that his ongoing issues with staff and pending lawsuits against administrative personnel were the reason for his alleged mistreatment. Id. at 4.

II. Standard of Review

Where a petitioner has submitted a timely written objection to a Magistrate Judge's report and recommendation, a court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); Walker v. Savers, 583 F. App'x 474, 474-75 (5th Cir. 2014). In conducting a de novo review, the district court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the Magistrate." United States v. Wilson, 864 F.2d 1219, 1222 (5th Cir. 1989). However, the Court is not "required to reiterate the findings and conclusions of the Magistrate Judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir.

1993). Where no timely objection is filed, as well as to those portions of a report and recommendation to which there are no objections, a court is to apply a "clearly erroneous, abuse of discretion and contrary to law standard of review." Wilson, 864 F.2d at 1221 (quotation omitted).

A district court "need not consider frivolous, conclusive, or general objections." Gooding v. Colvin, No. 1:15CV20-LG-RHW, 2016 WL 660932, at *2 (S.D. Miss. Feb. 18, 2016) (citing Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987)). "Moreover, where the objections are repetitive of the arguments already made to the Magistrate Judge, a de novo review is unwarranted." Id. (citing Koetting, 995 F.2d at 40). "Instead, the report and recommendation is reviewed by the district judge for clear error." Id. (citing Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005)); see also Hernandez v. Livingston, 495 F. App'x 414, 416 (5th Cir. 2012); Jackson v. Berryhill, No. 1:17CV48-LG-JCG, 2018 WL 4046512, at *1 (S.D. Miss. Aug. 24, 2018); Robertson v. Berryhill, No. 1:16CV295-HSO-JCG, 2018 WL 1336054, at *2 (S.D. Miss. Mar. 15, 2018).

## III. Analysis

### A. Deliberate Indifference Under the Eighth Amendment

#### a. Legal Standard

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." Davidson v. Texas Dep't of Criminal Justice, 91 Fed.App'x 963, 964 (5th Cir. 2004). "The mere delay of medical care can… constitute an Eight Amendment violation but only if there has been deliberate indifference [that] results in substantial harm." Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006). A prison official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 838 (1994).

A plaintiff must show that a defendant's "response indicate[d] that the [defendant] subjectively intended that harm occur." Thompson v. Upshur County, 245 F.3d 447, 458-59 (5th Cir. 2001). There is not a constitutional violation if a prison official acted negligently. Daniels v. Williams, 474 U.S. 327, 333-34 (1986). A prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." Norton v. Dimazana, 122 F 3d 286, 292 (5th Cir. 2001).

b. Application

The Court assumes for purposes of summary judgment that a broken arm constitutes a serious medical need. The dispositive issue is whether Plaintiff produced evidence of deliberate indifference.

The summary judgment record reflects that Plaintiff received medical care and was placed in a cast nine days after the injury. While Plaintiff argues that no physician would recommend delaying treatment for a broken bone and asserts that he experienced "shooting pains" and possible nerve damage, he has not produced competent summary judgment evidence establishing that jail officials intentionally refused treatment or consciously disregarded a known substantial risk. At most, the record suggests a delay in treatment. Even if such delay was negligent, negligence does not satisfy the subjective deliberate indifference standard.

In his objection, Plaintiff further alleges that he was not seen by an official because he has lawsuits pending against administrative staff and suggests that this ongoing litigation contributed to the alleged mistreatment. However, Plaintiff provides no evidentiary support demonstrating that any identified official denied or delayed care in retaliation for his prior lawsuits. Conclusory assertions and speculative allegations are insufficient to create a genuine dispute of material fact at the summary judgment stage.

B. Municipal Liability Under Monell

a. Legal Standard

A claim for Monell liability requires a plaintiff to plead (1) the existence of an official policy, custom, or practice; (2) that the policy, custom, or practice was the "moving force" behind the alleged constitutional violation; and (3) that the municipality, through its decision-makers, acted with deliberate indifference to the plaintiff's rights. See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 397-98, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) (citing Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611.) Similarly to a Section 1983 conspiracy claim, "every Monell claim requires an underlying constitutional violation." Loftin v. City of Prentiss, Mississippi, 539 F. Supp. 3d 617, 629 (S.D. Miss. 2021), aff'd, 33 F.4th 774 (5th Cir. 2022) (citing Hicks-Fields v. Harris County, Tex., 860 F.3d 803, 808 (5th Cir. 2017)).

b. Application

Plaintiff has not identified any official policy or custom that caused the alleged delay in medical treatment. He does not point to a written policy, a pattern of similar constitutional violations, or evidence of deliberate action by a final policy maker.

Although Plaintiff references "ongoing issues" and pending lawsuits against administrative personnel, such allegations – without supporting evidence – do not establish the existence of a policy, custom, or widespread practice. Nor does the mere existence of other lawsuits demonstrate that an unconstitutional policy was in effect or that it was the moving force behind the alleged delay in this case.

Additionally, the Court has determined that Plaintiff has failed to make a prima facie case of a constitutional violation. Therefore, because Plaintiff has failed to produce evidence creating a genuine issue of material fact regarding the existence of a policy or custom attributable to the municipal defendant, his Monell claim fails as a matter of law.

IV. Conclusion

Even construing Plaintiff's filings liberally in light of his pro se status, Plaintiff failed to produce competent summary judgment evidence establishing deliberate indifference or municipal liability under Monell. At most, Plaintiff alleges a delay in treatment that may amount to negligence, which is insufficient to state a constitutional violation. The Court has considered all arguments and submissions presented by both parties. Any arguments not specifically addressed herein have been

reviewed and found insufficient to alter the outcome of the Court's decision.

Accordingly, after conducting a de novo review of the facts before the Court:

IT IS HEREBY ORDERED that Judge Issac's Report is ADOPTED as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 25th day of February, 2026.

/s/ David C. Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE